T.C. Memo. 2019-58

UNITED STATES TAX COURT

EDWARD F. SADJADI AND CYNTHIA M. SADJADI, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6351-18L.                          Filed May 29, 2019.

Edward F. Sadjadi and Cynthia M. Sadjadi, pro sese.

<u>Donald Priver</u>, <u>Jeffrey D. Heiderscheit</u>, and <u>Brock E. Whalen</u>, for
respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  This case was commenced in response to a notice of
determination concerning collection action under section 6330.  The notice
sustained a proposed levy for the balances of Federal income tax owed by
petitioners for 2008, 2009, 2010, 2011, and 2015.  The issue for decision is

[*2] whether it was an abuse of discretion to uphold a levy to collect balances due from petitioners for 2008 and 2009 after they defaulted on an offer-in-compromise agreement for those years by failing to pay tax due for 2015.  All section references are to the Internal Revenue Code in effect for the years in issue.

FINDINGS OF FACT

Most of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference.  Petitioners resided in Texas when they filed their petition.

Petitioners timely filed their tax return for each of the tax years 2008, 2009, 2010, 2011, and 2015.  On their return for tax year 2008 they reported tax owed of $3,251.  On their return for tax year 2009 they reported tax owed of $1,047.  They did not enclose payments with their tax returns for tax years 2008 and 2009.  Respondent examined petitioners' tax returns for tax years 2008, 2009, 2010, and 2011.  During the examination for tax year 2008 petitioners agreed to an additional assessment of tax of $10,953 and an accuracy-related penalty of $2,190.60; those amounts were assessed on May 23, 2011.  During the examination for tax year 2009 petitioners agreed to an additional assessment of tax of $18,393 and an accuracy-related penalty of $3,759; those amounts were assessed on May 23, 2011.  Petitioners and respondent entered into an installment

[*3] agreement on November 13, 2010, for tax year 2009. On February 9, 2011, petitioners made a $100 payment toward their installment agreement for tax year 2009. Petitioners and respondent entered into an offer-in-compromise on April 18, 2013, for tax years 2008 and 2009. The offer-in-compromise petitioners signed could not be found for trial, but the standard form for such offers was used.

The standard form for an offer-in-compromise, Form 656, Offer in Compromise, in effect on April 18, 2013, contained, among other things, "Offer Terms" in section 8. The left-hand column, in bold print, contains this statement: "I must comply with my future tax obligations and understand I remain liable for the full amount of my tax debt until all terms and conditions of this offer have been met." Opposite that text appear paragraphs as follows:

> I will file tax returns and pay required taxes for the five year period beginning with the date of acceptance of this offer. If this is an offer being submitted for joint tax debt, and one of us does not comply with future obligations, only the non-compliant taxpayer will be in default of this agreement.

> The IRS will not remove the original amount of my tax debt from its records until I have met all the terms and conditions of this offer. Penalty and interest will continue to accrue until all payment terms of the offer have been met. If I file for bankruptcy before the terms are fully met, any claim the IRS files in the bankruptcy proceedings will be a tax claim.

> Once the IRS accepts my offer in writing, I have no right to contest, in court or otherwise, the amount of the tax debt.

**[\*4]** Also in the left-hand column, in bold print, is this statement: "I understand what will happen if I fail to meet the terms of my offer (e.g., default)." Opposite that text appears the following paragraph:

> If I fail to meet any of the terms of this offer, the IRS may levy or sue me to collect any amount ranging from the unpaid balance of the offer to the original amount of the tax debt without further notice of any kind. The IRS will continue to add interest, as Section 6601 of the Internal Revenue Code requires, on the amount the IRS determines is due after default. The IRS will add interest from the date I default until I completely satisfy the amount owed.

Between December 17, 2012, and October 1, 2016, petitioners made payments toward their offer-in-compromise for tax year 2008 totaling $10,650. Petitioners filed their 2015 tax return on October 19, 2016, but did not pay the tax for 2015 reported as due. On June 19, 2017, respondent issued to petitioners a Notice of Intent to Levy and Notice of Your Right to a Hearing for tax years 2008, 2009, 2010, 2011, and 2015. Petitioners timely filed a request for a collection due process hearing. Settlement Officer Pugh (SO Pugh) held the collection due process hearing with petitioners by telephone on October 3, 2017. Petitioners proposed an installment agreement of $350 per month. SO Pugh determined from petitioners' Form 433-A, Collection Information for Wage Earners and Self-Employed Individuals, that they had disposable monthly income of $6,466.33.

**[\*5]**                                            OPINION

Section 6330 provides for notice and opportunity for a hearing before the Internal Revenue Service may levy upon the property of any person. Petitioners requested and were granted a hearing. Section 6330(c) specifies the matters to be considered at the hearing, including, for purposes of this case, verification that the requirements of any applicable law or administrative procedure have been met, challenges to the appropriateness of collection actions, and offers of collection alternatives. Under section 6330(c)(3), the determination to proceed with a collection action "shall take into consideration * * * whether any proposed collection action balances the need for the efficient collection of tax with the legitimate concern of the person that any collection action be no more intrusive than necessary."

The parties have now agreed on the amounts owed for 2010, 2011, 2012, and 2015. The underlying liabilities were reported, assessed, or abated by agreement between the parties, so they are no longer in issue. Thus we analyze this case by applying an abuse of discretion standard. See Sego v. Commissioner, 114 T.C. 604, 609-610 (2000). Petitioners contend that the Appeals settlement officer failed to recognize that their liabilities for 2008 and 2009 were paid

[*6] pursuant to the offer-in-compromise for those years. Petitioners' contention, as stated by petitioner Edward Sadjadi during trial, is that Form 656

> does not explicitly and clearly identify the taxpayers' obligations with reference to what happens after the amount of OIC that was agreed upon is paid in full. In this particular case, that amount was $21,515, when agreed, through September of 2016, payments in excess of that amount were paid to the IRS. And at that point we considered the OIC complete--we being the petitioners. And when we filed the 2015 taxes in October of 2016, we asked for an installment agreement and did not pay the full amount at the time of filing, again, under the assumption that the OIC was paid in full, and therefore there were no other obligations remaining, based on the commonly practiced debt agreements that we know of as average people.

However, petitioners' contention is contradicted by the evidence.

Petitioners stipulated that the standard form was in use at the time they signed their offer-in-compromise and have not suggested that the agreement that they signed was any different. The standard form, as quoted in our findings, explicitly emphasizes, in bold print and by detailed provisions to which petitioners agreed, the necessity of complying with future tax obligations and "what will happen if I fail to meet the terms of my offer (e.g., default)". If they failed to read the agreement or forgot the explicit terms, they were still bound to "pay required tax for the five year period beginning with the date of acceptance of this offer", which was April 18, 2013. The settlement officer considered their argument and

**[*7]** documented their default, to wit, failure to pay the tax shown on their 2015 return filed October 19, 2016.

Abuse of discretion may be found if action is arbitrary, capricious, or without sound basis in fact or law. <u>Giamelli v. Commissioner</u>, 129 T.C. 107, 111 (2007); <u>Woodral v. Commissioner</u>, 112 T.C. 19, 23 (1999). None of those characteristics apply here.

<u>Decision will be entered for</u>

<u>respondent</u>.